UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MALLORY, | No. 2:24-cv-3663 DJC AC PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, RANDHIR GANDHI, ROGER LEVENSON and ALDRIDGE PITE, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff's initial complaint identified the County of Sacramento as the defendant and indicated that a second defendant was "Pending Amendment." ECF No. 1 at 2. Plaintiff filed the operative first amended complaint ("FAC") on January 8, 2025. ECF No. 3. The FAC lists the County of Sacramento as a defendant, along with new defendants Randhir Gandhi (CEO of Select Portfolio Services), Roger Levenson (CEO of Wilmington Savings Fund Society/Starwood Mortgage Residential Trust), and Aldridge Pite. Id. at 2-3. The FAC lists the presence of a federal question as the basis for jurisdiction, and says "see original complaint" where asked to identify the specific federal statutes or constitutional provisions involved. Id. at 4. The FAC's "Statement of Claim" section is blank, and the relief sought is identified as "TRO to stop/prevent Default/foreclosure." Id. at 5-6.

C. Discussion

Plaintiff's first amended complaint cannot be served at this time because it does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is unclear from the first amended complaint, which does not contain any facts at all, or list any legal causes of action. The court cannot tell what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. The court cannot look to other documents, including the original complaint or other motions filed by the plaintiff, to fill in the blanks of the

3

operative first amended complaint. Because the first amended complaint does not state any facts or causes of action, it cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file a second amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the second amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The second amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the second amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete. Any amended complaint must be

complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your first amended complaint what legal harm was done to you, because you do not allege any facts or identify any causes of action.  You are being given 30 days to submit an amended complaint that provides facts and legal causes of action.  Your second amended complaint needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  The court cannot look to your old complaints or motions – all of the necessary information must be in the second amended complaint.  If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: January 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5