UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MALLORY,  Plaintiff,  v.  COUNTY OF SACRAMENTO, et al,  Defendants. | No. 2:24-cv-3663 DJC AC PS  FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding without a lawyer, has filed a motion for a temporary restraining order. ECF No. 4. Based on the analysis below, the undersigned recommends that the motion be DENIED.

**I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1), filed this case on December 20, 2024, indicating that an amended complaint would be forthcoming. ECF No. 1 at 2. Plaintiff filed an amended complaint on January 8, 2025. ECF No. 3. Pursuant to the screening process associated with IFP status, the initial complaint was rejected with leave to amend. ECF No. 5. Plaintiff also filed a motion for a temporary restraining order and injunctive relief on January 8, 2025. ECF No. 4. That motion is now before the undersigned for findings and recommendations.

////

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given ...." E.D. Cal. R. 231(c). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227 GEB EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Here, plaintiff has not articulated a legal or factual basis for a temporary restraining order. Plaintiff writes in the motion that he seeks to prevent foreclosure of his property located at 3941 Annadale Lane, Sacramento. ECF No. 4 at 1. Plaintiff states that he "did not receive the property rights after 8 years of payments, and was arrested for entering his own property." Id. at 2. However, plaintiff has not presented a complaint that states any legal cause of action at all. See ECF No. 3. Even if the court were to consider the facts alleged in the motion for a temporary restraining order as though they were alleged in a properly pled complaint, the facts presented would still be insufficient to satisfy Federal Rule of Civil Procedure 8(a). Plaintiff has not presented the court with enough information. Thus, there is no basis for the court to issue a

temporary restraining order at this juncture.

### III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that plaintiffs' motion for a temporary restraining order (ECF No. 4) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 15, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE