UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MALLORY, | No. 2:24-cv-3663 DJC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| COUNTY OF SACRAMENTO, RANDHIR GANDHI, ROGER LEVENSON and ALDRIDGE PITE, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP was granted, and pursuant to the screening process accompanying IFP status, the first amended complaint was rejected with leave to amend. Plaintiff now filed a motion to seal the case (ECF No. 10) and a Second Amended Complaint (ECF No. 12). For the reasons set forth below, the undersigned recommends the Second Amended Complaint ("SAC") be dismissed and that this case be closed. The undersigned DENIES the motion to seal.

////

////

1

I. SCREENING

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327; <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), <u>cert. denied</u>, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

2

Case 2:24-cv-03663-DJC-AC     Document 14     Filed 04/01/25     Page 3 of 6


To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      B.     Procedural Background

The initial complaint identified the County of Sacramento as the defendant and indicated that a second defendant was "Pending Amendment." ECF No. 1 at 2. Plaintiff filed a first amended complaint ("FAC") on January 8, 2025. ECF No. 3. The FAC listed the County of Sacramento as a defendant, along with defendants Randhir Gandhi (CEO of Select Portfolio Services), Roger Levenson (CEO of Wilmington Savings Fund Society/Starwood Mortgage Residential Trust), and Aldridge Pite. Id. at 2-3. The FAC identified the presence of a federal question as the basis for jurisdiction, and said "see original complaint" where asked to identify the specific federal statutes or constitutional provisions involved. Id. at 4. The FAC's "Statement of Claim" section was blank, and the relief sought was identified as "TRO to stop/prevent Default/foreclosure." Id. at 5-6. The court rejected the FAC, explaining the requirements of Fed. R. Civ. P. 8, and the fact that complaints must stand on their own without reference to other pleadings. ECF No. 5 at 4-5.

      C.     The Second Amended Complaint

The operative second amended complaint ("SAC") does not contain any clear causes of action or set out a coherent set of facts; it is out of compliance with Fed. R. Civ. P. 8 for the same reasons previously explained to plaintiff. Plaintiff again attempts to incorporate other filings into the SAC, stating "This amendment is to documents 1, 3, and 7 and those documents are now part of this Second Amended Complaint, and can be included as one." ECF No. 12 at 1. The SAC states that plaintiff is suing "to prevent foreclosure following civil right/property right violations,

1  which are cause of the mortgagee not getting what he paid for with purchase of property, and the
2  mortgage servicer has been Negligent in addressing and would be Racketeering to then foreclose
3  on and take." Id. at 2. Plaintiff states the complaint alleges "Civil Right violations which are
4  very clear" and that the conduct "would be criminal if conducted as a Citizens Arrest under penal
5  code 837, yet the crime has not been addressed[.]" Id. Plaintiff states, "the LAWFARE
6  experienced by the plaintiff has also not been legal . . ." Id. Plaintiff alleges he was falsely
7  arrested in "an incident of political violence, which has been used to conduct lawfare[.]'" Id. at 3.
8  He makes accusations of election interference and illegal surveillance of a political candidate. Id.

      D.     Discussion

Plaintiff's second amended complaint cannot be served because, like his first two complaints, it does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is unclear from the first amended complaint, which does not contain any facts at all, or list any legal causes of action. The second amended complaint consists of legal conclusion and allegations not presented in any clear order. The court cannot tell what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. As plaintiff has previously been cautioned, the court cannot look to other documents, including the original complaint or other motions filed by the plaintiff, to fill in the blanks of the operative first amended complaint. Because the second amended complaint does not state any facts or causes of action, it cannot be served.

## II. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, leave to amend is not appropriate in this case because amendment would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). It is clear from the progression of this case and plaintiff's inability

to follow the court's instructions that further amendment would not result in cognizable claims. Accordingly, it is recommended that this case be dismissed without leave to amend.

### III.  MOTION TO SEAL

Plaintiff has filed a motion to seal the entire record of this case. ECF No. 10. Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing ..." E.D. Local Rule 141(b).

The court starts "'with a strong presumption in favor of access to court records,'" Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097 1101.

Here, plaintiff asserts the case should be sealed "as public disclosure has been used for harassment, defamation, and indirect health and safety threats." ECF No. 10 at 1. No other information is provided. Plaintiff does not provide sufficient rationale to overcome the strong presumption of public access to court records. Accordingly, the motion is denied.

### IV.  PRO SE PLAINTIFF'S SUMMARY

The Magistrate Judge has determined that this case cannot move forward because you have not stated any claims for legal relief in your second amended complaint. It is being

////

1  recommended that your case be dismissed. You have 21 days to file objections for the district
2  judge to consider. The district judge will make the final decision.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion to seal (ECF No. 10) is DENIED.

It is further RECOMMENDED that the Second Amended Complaint (ECF No. 12) be DISMISSED, and this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 1, 2025

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE